UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                    Case No. 04CR278

DANTE N. COLEMAN,

          Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RE-OPEN THE DETENTION HEARING

The United States of America, by and through its attorneys, Gregory J. Haanstad, United States Attorney, and Lisa Wesley, Assistant United States Attorney, hereby respectfully request the defendant's motion to reopen the detention hearing be denied.

**Background**

On March 21, 2005, Coleman entered a guilty plea to an indictment filed in this district charging him with Felon in Possession of a Firearm, Possession With Intent to Distribute 5 grams or more of Crack Cocaine, and Possession of a Firearm in Furtherance of a Drug Trafficking Offense. Docket#9. An information under section 851 was filed and the maximum penalty on the drug count was increased to a mandatory minimum of 10 years imprisonment with a maximum of life imprisonment. Docket#7. A total of 22.70 grams of crack cocaine was involved in the drug offense charged in the indictment. Docket#10. On November 23, 2005, Coleman was sentenced as a Career Offender with a total offense level of 34 and criminal history category VI. Docket#27. With a guideline range of 262 to 327 months' imprisonment, the district court imposed 120 months

imprisonment on the firearm count, and 262 months 'imprisonment on the drug count. These sentences were concurrent to each other and concurrent to a separate state revocation sentence. A consecutive 60-month term of imprisonment was imposed on the 924(c) count for a total sentence of 322 months on all counts. Docket#28; PSR¶ 40-43. Coleman appealed. Docket#29. On appeal, Coleman challenged an incorrect term of supervised release imposed on the drug count. Coleman also asserted the district court's sentence was unreasonable because it followed the 100-to-1 sentencing ratio for crack versus powder cocaine, and further, that the district court may have unintentionally failed to make his federal sentence fully concurrent with his state revocation sentence. United States v. Coleman, 232 Fed.Appx. 594 (7th Cir. 2007). On June 7, 2007, the Seventh Circuit remanded Coleman's case to the district court for resentencing on all counts. Docket#46. At the sentencing hearing on April 9, 2008, the defense informed the court that Coleman had not been idle during his time in prison having earned his HSED and maintained employment. Id. at p.7. Coleman also had a supportive family in the community and attempted to co-operate with the government, without success. Id. at 4, 9-10. Both parties recommended the mandatory minimum of 180 months imprisonment be imposed arguing that anything greater would be unnecessary to satisfy the sentencing factors. Docket#60 at p. 4, 18, 20. The district court then resentenced Coleman above the mandatory minimum requested by the parties to 120 months on the firearm count, 180 months' imprisonment on the drug count, and a consecutive 60 months on the 924(c) count for a total sentence of 240 months' imprisonment. The district court then reduced the sentence by 42 months for the time Coleman had already served for a total sentence of 198 months. The sentence was made entirely concurrent with the state revocation sentence. Docket#50,

51. Coleman again appealed, but his sentence was affirmed. *United States v. Coleman*, 380 Fed.Appx. 530 (7th Cir. 2010).

On May 20, 2019, pursuant to the First Step Act this court reduced Coleman's sentence on the drug count to 154 months imprisonment and 6 years supervised release. Docket#102. The following day, on May 21, 2019, Coleman began his 6-year term of supervised release.

On May 24, 2022, this court issued a warrant to serve as a detainer for Coleman based on his alleged violations of supervised release. The petition was largely based on the new criminal conduct and alleged as follows:

On 5/21/22, Mr. Coleman was charged with Felon in Possession of a Firearm (Count 1), Resisting or Obstructing an Officer - Soft Tissue Injury (Count 2), Disorderly Conduct (Count 3) (Milwaukee County Case Number 2022CF001966), in violation of a Standard Condition of Supervised Release. According to Milwaukee Report Incident Report No. 221380088, on Wednesday, 5/18/22, Milwaukee Police Officers were dispatched to a battery complaint at the Master Lock building located at 2600 North 32nd Street in the City and County of Milwaukee. Upon arrival, officers met with a security guard at the location, and were escorted to the conference room where they spoke to several subjects regarding this complaint.

One witness advised officers she was advised by a third party witness that a male subject, later determined to be Mr. Coleman, and a female subject were observed fighting near the bathrooms at the location at approximately 7:00 a.m. The witness advised she called police when she was notified of this incident. Witnesses stated Mr. Coleman was observed strangling a female near the bathroom and then pouring a box of red plastic washers on her. Mr. Coleman was also observed telling the female subject to go back to her work station, to turn around, and not to talk to anyone else for the rest of the day.

Mr. Coleman was also reportedly going around to people that morning and asking people if they wanted to buy drugs. Officers were informed that Mr. Coleman had a brown backpack on that he continuously wore and never took off.

The witness and other employees at Master Lock provided officers with the male subject's name and he was identified through their records as Donnell L. Coleman. Another Master Lock employee then led officers to the shop floor where Mr. Coleman was working and pointed him out to officers upon arrival.

Officers proceeded to make contact with Mr. Coleman and attempted to take him into custody for Disorderly Conduct and Battery. When Officers initially approached Mr. Coleman,

officers asked if he was Mr. Coleman, Mr. Coleman stated "no." Mr. Coleman then stood up and tensed his upper body and arms when officers attempted to gain control of his arms and wrists to place him in handcuffs. Mr. Coleman refused to comply with officer's orders to stop resisting. Officer Obregon, who was near the front of Mr. Coleman, called out that Mr. Coleman was reaching for something in his waistband. Mr. Coleman was decentralized to the shop floor where he continued to tense his arms and resist officers when attempting to handcuff him. Officers were required to deploy an Electronic Control Device (Tazer) to facilitate Mr. Coleman's arrest. Once handcuffed, Officer Ulatowski felt the handle of a handgun over Mr. Coleman's right sweatshirt pocket when he was on the ground. As Officer Ulatowski attempted to remove the firearm from Mr. Coleman's hoodie pocket, the firearm fell from the pocket and was moved to the side.

As a result of taking Mr. Coleman into custody, Officer Obregon obtained an injury to his wrist and later sought medical attention at a local hospital. Officer Ulatatowski also received two small cuts to his right hand at the base of his right middle finger on the top of my hand. Officer Weiland received an abrasion and swelling to the left forearm, a bruise to the underside of his left forearm, and a bruise to his right wrist. Officer Tietz also sustained an unknown injury to his knee and received medical attention.

It should also be noted that the serial number of the gun which was recovered from Mr. Coleman's person was obliterated and unreadable. Officers later recovered a Black N82 Tactical holster located in Mr. Coleman's right side waist band. Three cell phones and a scale were located in the recovered brown backpack believed to be Mr. Coleman's.

Mr. Coleman appeared for an initial appearance for Milwaukee County Case Number 2022CF001966 on 5/21/22 and a $5,000.00 cash bond was set. A preliminary hearing is scheduled for 5/27/22 at 1:30 p.m. Mr. Coleman remains in custody as of the date of this memorandum.

Docket#103.

On January 15, 2023, after Coleman had been in state custody for the last eight months for the above firearm offense, he filed a motion seeking early termination of his term of supervised release. On January 31, 2023, this Court denied the motion.

On February 7, 2023, Coleman appeared before Judge Duffin for an initial appearance after posting bail in his state case. He was detained based on the magistrate's finding that he did not show by clear and convincing evidence that he was not a danger to the community. His release was vigorously argued by FDS Attorney Kyle Kent. Appointed counsel, Attorney Lew Wasserman, was unavailable for the hearing. A revocation hearing was set for March 7, 2023.

However, prior to the hearing date, the parties jointly requested the revocation be adjourned in favor of allowing the pending state case to resolve. Coleman then filed a pro-se motion to review the detention order and seemed to request that new counsel be appointed. On April 4, 2023, after an in hearing, Attorney Lew Wasserman was allowed to withdraw as counsel.

On May 3, 2023, newly appointed counsel filed a motion to re-open the detention hearing under 18 U.S.C. § 3142(f) arguing information unknown to the court now justifies re-opening the detention hearing. But counsel does not present any new information to allow the magistrate to grant his request nor does he request a review of the detention determination by this Court under 18 U.S.C. § 3145.

To date, Coleman has been solely in federal custody for 3 months or 91 days as of the filing of this response.

**Argument**

In determining release on a violation of supervised release, a defendant has the burden of showing by clear and convincing evidence that he will not flee or pose a danger to any other person or the community. Fed.R.Crim.P. 32.1(b)(6); 18 U.S.C. § 3143(a)(1). The magistrate previously determined Coleman had not met this burden. At present, in relevant part, in order to reopen a detention hearing, Coleman must now show that: (1) new information exists that was not known to the defendant at the time of the original hearing, and (2) the new information has a material bearing on whether there are conditions of release that will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(f).

In his motion to reopen the detention hearing, Coleman offers no new information that was unknown to him at the time of the original hearing. In short, Coleman makes the very same

arguments in the instant motion which were presented to the magistrate. As a result, he has not met his burden.

Coleman brought a gun to his workplace. Officers arrived at his place of employment because of he was observed strangling a female who also worked at the facility. Officers arrived and attempted to arrest him for that conduct, but he refused to identify himself and he resisted. A taser was used to attempt to bring him under control. Four officers—not one—were injured attempting to place Coleman under arrest. During his encounter with police, Coleman attempted to reach toward his waistband, where a loaded firearm was later recovered from the pocket of his sweatshirt. A holster was also recovered from Coleman's waistband. A backpack belonging to Coleman was searched and contained a scale and three cellular telephones. This is significant because earlier in the day, witnesses at the facility stated Coleman was asking if anyone wanted to purchase drugs.

Coleman spent fifteen years in custody for similar conduct. In 2004, he sped away from officers in a car, fled on foot and then fought with four officers before being detained. A gun and drugs were recovered from his pants pockets. Despite his lengthy incarceration for that conduct and efforts to rehabilitate himself, he resorted to almost the very same criminal conduct. He was also on supervised release in 2004 when he committed the offense, just as he is now. No amount of supervision can prevent Coleman from making poor decisions which the endanger community. As such, given that he has not met his burden, the request to reopen the detention hearing should be denied. Furthermore, the magistrate made the correct decision in determining Coleman presented a danger to the community and should this Court review that decision under Section 3145, the government likewise requests his motion for release be denied

Dated at Milwaukee, Wisconsin this 9th day of May 2023.

                Respectfully Submitted,

                GREGORY J. HAANSTAD
                United States Attorney

By:

                s/LISA WESLEY
                Assistant United States Attorney